**E-Filed 4/9/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YASISH MOGAM PADAYACHI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INDYMAC BANK, ONE WEST BANK, Quality Loan Service Corp.,<br><br>　　　　　Defendants. | Case Number C 09-5545 JF (PVT)<br><br>**ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[re:  document nos. 5, 15 ] |

　　　　Defendant One West Bank FSB ("OWB") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint in the above-entitled action for failure to state a claim upon which relief may be granted.[2]  Plaintiff Yasish Mogam Padayachi ("Padayachi") has not filed any response to the motion.[3]  The Court has considered OWB's moving papers and notes Padayachi's appearance

---

　　[1] This disposition is not designated for publication in the official reports.

　　[2] Defendants Indymac Bank and Quality Loan Service Corp. have not joined OWB's motion to dismiss. Indymac Bank has not appeared yet in this case. Quality Loan Service Corp. has filed a declaration of nonmonetary status stating that it has been named only in its capacity as trustee under the deed of trust in this action.

　　[3] Padayachi informed the Court that he was unaware a motion to dismiss had been filed.

Case No. C 09-5545 JF (PVT)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
(JEX2)

at the hearing on April 2, 2010. For the reasons discussed below, the motion to dismiss will be granted, with leave to amend.

### I. BACKGROUND

The facts alleged in the complaint are very general and provide minimal information regarding the specific loan transaction that serves as the basis for Padayachi's claims. It is difficult to ascertain from the face of the complaint on which dates key events are alleged to have occurred or in which ways the individual Defendants allegedly were involved. The Court suggests that in the event he files an amended complaint, Padayachi should begin with a clear recitation of the relevant facts.

The following allegations appear in the complaint: On May 4, 2007, Padayachi obtained an adjustable-rate mortgage loan for $624,000.00 secured by real property located at 2704 Lemay Way, Hayward, California ("the Property"). Compl. ¶¶ 1, 128, 130, 163.[4] Padaychi executed a promissory note ("Note") and deed of trust ("Deed of Trust") in favor of Defendant Indymac Bank ("Indymac Bank"), which provided a loan to Padayachi. *Id.* ¶¶ 95, 163. The loan required monthly payments of $3,600, even though Padayachi's monthly "spendable" income totaled only $4,000. *Id.* ¶¶ 129, 162. The loan payment amount exceeded Padayachi's established retirement income. *Id.* ¶¶ 130, 132. After the close of escrow, OWB allegedly paid an "illegal kickback" to Indymac Bank in the form of undisclosed additional fees that were added to the amount being financed. *Id.* ¶ 134. At some point, the Note and Deed of Trust were transferred and reassigned to OWB. *Id.* ¶¶ 10, 11, 144. OWB is not listed anywhere in the Note or the Deed of Trust. *Id.* ¶ 97. Padayachi thereafter defaulted on the loan. *See id.* ¶¶ 8, 46. On March 6, 2009, a Notice of Default ("Default") was recorded, and on April 30, 2009, Defendants served Padayachi with a

---

[4] The Complaint also states that "[o]n or about 05/04/2009 ... Defendants ... made false representations to Plaintiffs in order to fund a loan ...." Compl. ¶ 172. Since the other sections of the Complaint reference May 4, 2007 as the date the loan was made, the Court presumes that this single reference to May 4, 2009 is in error.
  Another section of the Complaint states that Plaintiff incurred a debt in the form of a home loan on June 23, 2004. *Id.* ¶ 79. This date is inconsistent with the May 4, 2007 date – unless the 2004 date refers to the original loan and the 2007 date refers to a refinance transaction. Again, the chronology of events is not clear based upon the text of the Complaint.

1  Notice of Trustee's Sale that was recorded in Alameda County. *Id.* ¶¶ 8, 58. The sale was
2  scheduled for December 18, 2009.[5] *Id.*
3        On August 3, 2009, Padayachi served a Notice of Dispute and Request for Accounting on
4  Defendants Indymac Bank, OWB, and Quality Loan Service Corp. *Id.* ¶ 18. Defendants did not
5  respond. *Id.* On November 23, 2009, Padayachi, proceeding *pro se*, filed the operative
6  complaint alleging numerous violations of federal and state law. In its motion to dismiss, OWB
7  contends that Padayachi makes only broad, conclusory allegations and fails to allege any specific
8  acts that would subject OWB to liability with respect to any of Padayachi's claims for relief.
9  Def.'s Mot. To Dismiss 7:15-19.

## II. LEGAL STANDARD

11  Dismissal pursuant to Fed. R. Civil P. 12(b)(6) "is appropriate only where the complaint
12  lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
13  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of
14  evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint
15  to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of*
16  *Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, a court need not accept as true
17  "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
18  inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).
19        To survive a motion to dismiss, the complaint must allege "enough facts to state a claim
20  to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
21  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to
22  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*
23  *v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "Although a pro se litigant . . . may be entitled to great
24  leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet
25  some minimum threshold in providing a defendant with notice of what it is that it allegedly did

---

[5] Another section of the complaint states that foreclosure was to occur on May 22, 2009. Compl. ¶ 11. The Court cannot ascertain whether the foreclosure sale actually took place or whether Padayachi still occupies the property.

3

Case No. C 09-5545 JF (PVT)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
(JEX2)

wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). It is not enough for a plaintiff simply to allege that a wrong has been committed and demand relief. Plaintiffs must give fair notice of the claims being asserted and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). In the event that dismissal is warranted, it is generally without prejudice, unless it is clear "'that the complaint could not be saved by any amendment.'" *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005) (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)).

## III.  DISCUSSION

The complaint alleges in general terms that Defendants engaged in a fraudulent scheme to sell Padayachi a residential mortgage loan that he could not afford. The complaint also alleges that the loan contract is unconscionable and unenforceable because the Note was sold multiple times and that the named Defendants do not own the loan and are without any right to foreclose upon it. Much of the complaint consists of broad, conclusory allegations of violations of law by the "Defendants" generally and fails to specify which claims are alleged against which Defendants.[6]

**A.    Declaratory Relief**

Padayachi seeks a judicial determination of the parties' rights and obligations, and a declaration as to who owns the Property. Compl. ¶¶ 120-25. A claim for declaratory relief, however, is not a stand-alone claim, but instead depends upon some other substantive basis for liability. *See Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 fn.3 (2000) (noting that equitable forms of remedy "have no separate viability" if plaintiff's other causes of action fail); *Singh v. Wells Fargo Bank. N.A.*, 2009 WL 2365881 * 2 (N.D. Cal. July 30, 2009) (assessing plaintiff's request for declaratory relief as to whether a fraud was committed based upon the viability of the claim of fraud). In this case, Padayachi may not maintain a claim for

---

[6] The Court is mindful of the fact that Plaintiff is proceeding *pro se*. Nonetheless, courts in the Ninth Circuit have held consistently that the pleadings of *pro se* plaintiffs still must meet the plausibility threshold established by *Iqbal* to survive a Rule 12(b)(6) motion. *See, e.g.*, *Brazil*, 66 F.3d at 199.

declaratory relief unless one of his other claims survives the motion to dismiss.

**B.     Fraud**

Padayachi alleges that on May 4, 2007, the date of the subject loan transaction, Defendants were engaged in an illegal scheme to make loans to unqualified borrowers. He alleges that Defendants made representations to him that they were acting in his best interests to find a loan that would not be beyond his financial means and limitations. Compl. ¶ 128. He alleges that Defendants intentionally secured a loan with excessively high interest rates that benefitted the lenders and that he could not pay, and that Defendants failed to disclose the true costs of the loan or the cost of fees paid to them outside of escrow. *Id.* ¶ 129-34. Padayachi contends that he reasonably relied upon Defendants' intentional misrepresentations, and as a result suffered injury in the form of higher loan payments, foreclosure, mental distress, and the costs of the resultant litigation. *Id.* ¶¶ 136-50.

A claim based upon fraud must meet the heightened pleadings standards of Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations that "state with particularity the circumstances constituting fraud...." To maintain a viable claim for fraud, the plaintiff must be able to allege the "'who, what, when, where, and how' of the misconduct" he asserts took place. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). This requires alleging "'more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id.* (quoting *In re GlenFed., Inc. Sec. Lit.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

Padayachi's general allegations are not sufficiently detailed to meet the heightened pleading requirements of Rule 9(b). For example, the complaint states:

> Defendants, and each of them, presented a loan to Plaintiffs whereby Defendants represented that they did qualify for ordinary underwriting, and that the loan was within Plaintiffs' personal financial needs and limitations given the confidential financial information that Plaintiffs shared with Defendants, however the true (sic) is that the loan payments exceeded Plaintiffs' established retirement income.

Compl. ¶ 132. Statements to this effect fail to specify *which* Defendants made false or misleading representations, *what* those representations were, and how they were false or

5

misleading, in addition to when and where the allegedly fraudulent transactions took place. *See Vess*, 317 F.3d at 1106.

OWB argues additionally that Padayachi's fraud claim actually is a claim for fraudulent concealment, based on the concealment or suppression of a material fact with the intention to defraud. A claim for fraudulent concealment requires the plaintiff to establish that the defendant had a duty to disclose. *See* Cal. Civ. C. § 1710(3) (defining deceit to include "[t]he suppression of a fact, by one who is bound to disclose it..."). Because Padayachi's fraud claims do not meet the heightened pleading standard, the Court need not address OWB's contention that as a bank in a lending relationship, it owed no fiduciary duty to Padayachi.

**C.     RESPA Claims**

Padayachi alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607 et seq., in both its "terms and spirit." Compl. ¶ 153. Although the complaint outlines the intent of Congress in passing the RESPA, it alleges no particular actions taken by the Defendants that would constitute a violation. The only specific allegation is that Defendants violated section 2607(b) by failing to respond to the "Notice of Dispute and Request for Accounting, Notice Pursuant to R.E.S.P.A." that Padayachi allegedly sent to Defendants "on or about 8/3/2009." *See* Compl. ¶¶ 18, 23, 156. This document and other communications that Defendants "substantially failed to respond to" allegedly are attached to the complaint as Exhibit B. *Id.* ¶ 18.

However, the complaint as filed with the Court does not contain an Exhibit B, and in any event the RESPA allegations as they currently stand do not contain sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal,* 129 S. Ct. at 1949. Additionally, Padayahi's claim under RESPA may be barred by the one-year statute of limitations. *See Singh*, 2009 WL 2365881 at *2; 12 U.S.C. § 2614. Padayachi obtained the loan at issue on May 4, 2007 but did not file the instant suit until November 23, 2009. Finally, a plaintiff alleging a RESPA violation also must identify damages that flowed from the violation. *See* 12 U.S.C. § 2605(f)(1)(A). Padayachi has failed to allege any actual damages he incurred as a result of Defendants' alleged violation of RESPA.

D.   **"Reformation as Against Bank2 FC1 Lender Services"**

Padayachi's claim for reformation appears to have been borrowed from a form pleading. The complaint states conclusorily that pursuant to Cal. Civ. C. § 3399 the Court may "reform the terms of the loan to meet the Plaintiffs' expectations of the loan" and asks that "the court place fair market value of the property of approximately $###, for purposes of reforming the terms and conditions of the loan." Compl. ¶ 169. Padayachi restates his claim of fraudulent misrepresentation and alleges that the loan contract was procedurally and substantively unconscionable because his monthly payments under the loan exceeded his available monthly income and he was not afforded any explanation of the terms and conditions in the relevant documents. Compl. ¶¶ 160-68. Padayachi also claims that "Indymac or One West Bank" was responsible for devising the fraudulent scheme and unconscionable loan terms, but he does not specify how each bank was involved.

Section 3399 of the California Civil Code provides that a contract may be revised if, through fraud or mistake, "a written contract does not truly express the intention of the parties." Without sufficient factual allegations supporting his claim of fraud or his request for revision of the loan terms, Padayachi fails to state a claim for reformation.

E.   **Quiet Title and Set Aside Foreclosure**

In support of his claim to quiet title and set aside foreclosure, Padayachi alleges that "Defendants ... represented that they would not make a loan to Plaintiffs (sic) unless he could afford the loan, and that they would not make the loan unless and until he had passed the underwriting guidelines of the lender ...." Compl. ¶ 172. He alleges that in fact Defendants allowed closing costs to be financed, failed to provide mandatory disclosures, and intentionally placed Padayachi in a sub-prime loan scheme with excessively high interest rates. *Id.* ¶ 173.

"A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" *Santos v. Countrywide Home Loans*, 2009 WL 3756337 *4 (E.D. Cal. Nov. 6, 2009) (quoting *Kelley v. Mortgage Elec. Reg. Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured."

1  *Watson v. MTC Financial, Inc.*, 2009 WL 2151782 *4 (E.D. Cal. Jul. 17, 2009) (quoting
2  *Shimpones v. Stickney,* 219 Cal. 637, 649 (1934)). Padayachi's claim for quiet title is defective
3  as currently pled because Padayachi does not allege an ability to tender repayment of the debt on
4  the mortgage. Moreover, the complaint must be verified as required by Cal. C. Civ. P. §
5  761.020. *See Singh*, 2009 WL 2365881 *6.

6  **F.     Unfair Competition Law – Bus. & Prof. C. § 17200**

7         Padayachi states that as a direct result of Defendants' acts, he has suffered actual
8  damages, both monetary and emotional, and risks the loss of his personal residence if foreclosure
9  is allowed to proceed. Compl. ¶¶ 177-80. Padayachi claims statutory penalties and punitive
10 damages based upon his assertion that Defendants' actions were willful, vexatious, outrageous
11 and calculated. *Id*. ¶ 181.

12        California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.,
13 prohibits any "unlawful, unfair, or fraudulent business act or practice." *Kelley*, 642 F. Supp. 2d
14 at 1055. "An act can be alleged to violate any or all of the three prongs of the UCL – unlawful,
15 unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal. App. 4th 1544, 1554
16 (2007). The law effectively "'borrows' violations of other laws and treats them as unlawful
17 practices that the unfair competition law makes independently actionable.'" *Kelley*, 642 F. Supp.
18 2d at 1055.

19        Unless Padayachi can successfully state a claim for some other predicate violation, for
20 instance alleging adequately that the loan transaction at issue was unlawful, the UCL claim
21 cannot survive. *See id.* (holding that plaintiff must be able to explain why defendants' actions
22 constituted predicate offenses under the law to maintain a UCL claim). Similarly, to maintain a
23 claim under the fraudulent prong of the UCL, Padayachi must meet the heightened pleading
24 standard required to sustain his general allegations of fraud.

25        Padayachi also alleges that Defendants' actions violated the "unfair" prong of the UCL.
26 "[A] practice may be deemed unfair even if not specifically proscribed by some other law." *Cel-*
27 *Tech Communications, Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal. 4th 163, 180 (1999).
28 However, to state a claim under this prong, a plaintiff still must allege: (1) substantial consumer

8

injury, (2) that is not outweighed by any countervailing benefits to consumers or competition, and (3) that the consumers themselves could not reasonably have avoided. *See Camacho v. Automobile Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006). Padayachi's current allegations are too general and conclusory to meet this standard.

**G.     Cal. Civil Code § 2923.6**

Padayachi next alleges that Defendants have a duty under Cal. Civ. Code § 2923.6 to accept the loan modification provided in the complaint.[7] Section 2923.6, which is entitled "legislative findings and declarations; pooling and service agreements; loan modification or workout plan" represents only a statement of legislative intent. It "in no way confers standing on a borrower to contest a breach of that duty." *Pittman v. Barclay's Capital Real Estate, Inc.*, 2009 WL 1108889 *3 (S.D. Cal. April 24, 2009). At most, section 2923.6(a) refers to a loan servicer's duty "owed to all parties in a loan pool, not to any particular parties." Padayachi has not alleged that he is a party to any "pooling and service agreement" that might trigger the statute, and so does not state a claim under the statute. *See Pittman*, 2009 WL 1108889 at *3 (dismissing plaintiff's claim because he is not a member of a a loan pool).

**H.     California Rosenthal Fair Debt Collection Practices Act**

Padayachi claims that Defendants violated the provisions of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17 et seq., presumably in connection with the prospective foreclosure of the Property. *See* Compl. ¶¶ 195-200.

As with his other claims for relief, Padayachi fails to specify any particular acts by the individual Defendants in connection with collection actions related to the loan. Instead, the complaint states in general terms that Defendants engaged in conduct, "the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt...." *Id.* ¶ 196. In order to be "plausible on its face," the claim must provide more particular factual allegations that identify the parties who engaged in the allegedly intentional, persistent,

---

[7] The complaint suggests the terms of a loan modification that "Plaintiffs are willing, able and ready to execute." These terms include a new loan amount and new interest rate, loan length, and payment amount. Compl. ¶ 188.

and frequent collection actions in violation of the statute.  *See Twombly*, 127 S. Ct. at 1974.

Moreover, numerous courts have held that foreclosure on a deed of trust does not trigger the protections of the Rosenthal Act, because "a residential mortgage loan does not qualify as a 'debt' under the statute." *Pittman*, 2009 WL 1108889 at *3.  *See also Rosal v. First Federal Bank of California*, 671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009) (dismissing RFDCPA claim because plaintiff failed to plead that defendant fell within the statutory definition of "debt collector" and foreclosure on a property is not the collection of a debt within the meaning of the statute); *Benham v. Aurora Loan Servs.*, 2009 WL 2880232 *2 (N.D. Cal. Sept. 1, 2009) (same).

### I.     California Civil Code § 1572

Padayachi alleges separately that Defendants committed "actual fraud" as defined in Cal. Civ. Code § 1572.  Compl. ¶¶ 202-212.  As noted above, claims of fraud are subject to Rule 9(b)'s heightened pleading standard.  In its current form, the complaint does not provide sufficient specificity with respect to the circumstances of the alleged fraud to meet this heightened pleading standard.

### J.     Injunctive Relief

Finally, Padayachi requests an injunction to prevent "wrongful foreclosure."  Compl. ¶¶ 214-17.  At present, Padayachi has failed to state any claim upon which relief may be granted. Accordingly, Padayachi cannot establish a present right to injunctive relief, which in part requires a showing of likelihood of success on the merits.

### IV.  CONCLUSION

Given Padayachi's *pro se* status and the fact that the operative complaint is the original pleading, the Court will afford Padayachi an opportunity to amend to cure the pleading deficiencies noted in this order.  Any amended complaint should allege precisely what role each Defendant played in the loan transaction at issue, and how each Defendant's actions violated particular provisions of the applicable statute.  Accordingly, OWB's motion to dismiss is GRANTED, WITH LEAVE TO AMEND.  Any amended complaint must be filed within thirty

(30) days of the date of this order.[8]

**IT IS SO ORDERED.**

DATED: April 7, 2010

                                               _____
                                               JEREMY FOGEL
                                               United States District Judge

---

[8] Because there appears to be no reasonable possibility that the legal deficiencies in Padayachi's claims under the Rosenthal Act and Cal. Civ. Code § 2923.6 could be cured by amendment, leave to amend will be denied as to those two claims.