**E-Filed 10/28/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YASISH MOGAM PADAYACHI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INDYMAC BANK, ONE WEST BANK,<br>QUALITY LOAN SERVICE CORP.,<br><br>　　　　Defendants. | Case Number C 09-5545 JF (PVT)<br><br>**ORDER[1] GRANTING**<br>**DEFENDANT'S MOTION TO**<br>**DISMISS WITHOUT LEAVE TO**<br>**AMEND**<br><br>Re: Doc. No. 37 |

**I. BACKGROUND**

On November 23, 2009, Plaintiff Yasish Mogam Padayachi ("Padayachi"), proceeding *pro se*, filed his original complaint against Defendants One West Bank FSB ("OWB"), IndyMac Bank ("Indy"), and Quality Loan Service Corp. ("QLSC" and collectively with OWB and Indy "Defendants"). The complaint alleged in general terms that Defendants had engaged in a fraudulent scheme to sell Padayachi a residential mortgage loan that he could not afford. The complaint also alleged that the loan contract was unconscionable and unenforceable because the note was sold multiple times and because Defendants did not own the loan and had no right to

---

[1] This disposition is not designated for publication in the official reports.

bring foreclose proceedings. On April 9, 2010, the Court granted OWB's unopposed motion to dismiss. In its order granting the motion, the Court identified many specific pleading deficiencies, including the fact that the complaint consisted largely of conclusory allegations and failed to specify which claims were alleged against which Defendants. Padayachi was given leave to amend and was directed to allege clearly what role each Defendant played in the loan transaction at issue and how each Defendant's actions violated particular provisions of the applicable statutes.

Padayachi thereafter filed a first amended complaint. On July 23, 2010, the Court granted OWB's unopposed motion to dismiss that pleading, again with leave to amend. In its order, the Court concluded that the amended complaint did not meet the pleading standards of the Federal Rules and noted that Padayachi apparently had not heeded the Court's advice in formulating his amended pleading.

On September 1, 2010, Padayachi filed a second amended complaint.[2] This pleading appears to be incomplete, and it does not bear Padayachi's signature. OWB again moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[3] Once again, the motion is unopposed. In the absence of opposition, the motion has been submitted without oral argument pursuant to Civil Local Rule 7-1(b).

## II. LEGAL STANDARD

As stated in the this Court's order granting OWB's prior motion to dismiss, dismissal under Rule 12(b)(6) is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most

---

[2] The second amended complaint was due on August 30, 2010.

[3] Defendants Indymac Bank and Quality Loan Service Corp. have not joined in OWB's motion to dismiss. Indymac Bank has not yet appeared in this case. Quality Loan Service Corp. has filed a declaration of nonmonetary status, stating that it has been named only in its capacity as trustee under the deed of trust at issue. *See* Dkt. 39.

favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (interpreting Fed. R. Civ. P. 8(a)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007) (same). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996).

### III. DISCUSSION

The Court has reviewed the moving papers and concludes that OWB's motion once again is well-taken. The document filed by Padayachi on May 6, 2010 is not the "short and plain statement" of a claim required pursuant to Fed. R. Civ. P. 8 ("A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."). It appears that Padayachi either did not understand or has chosen not to follow this Court's two previous orders granting him leave to amend his pleading. Despite clear direction, Padayachi has failed to assert his factual allegations in a document that provides a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claims showing that he is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8.

**1. Fraud Claim**

With respect to his fraud claim, Padayachi must meet the heightened pleadings standards of Fed. R. Civ. P. 9(b). Rule 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud." To maintain a viable claim for fraud, a plaintiff must be able to allege the " 'who, what, when, where, and how' of the misconduct" he asserts took place. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). This requires alleging more than the neutral facts necessary to identify the transaction. The plaintiff must set forth the following elements with specificity: (1) false representation as to a material fact; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance and resulting damages. *Roque v. Suntrust Mortg., Inc.*, No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546, at *15 (N.D.Cal. Feb. 10, 2010). Plaintiff must state with particularity "the time, place, and nature of the alleged fraudulent activities, and . . . 'mere conclusory allegations of fraud are insufficient.' " *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 (9th Cir. 1994) (quoting *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)).

Padayachi's general allegations are not sufficiently detailed to meet the heightened pleading requirements of Rule 9(b). The second amended complaint alleges that Padayachi received a notice of default from QLSC dated July 14, 2009; received a notification dated August 26, 2009 stating that OWB had substituted QLSC as trustee and that such transaction was notarized on July 17, 2009; that Indy was the original beneficiary and Padayachi had not received a document proving that OWB has authority to appoint trustees; and that he received notice that the deed of trust was assigned by Indy to OWB and that the assignment had been recorded on February 10, 2010. SAC at 1-2. Padayachi asserts that these facts establish that QLSC had no rights to foreclose on his property, that QLSC was not the trustee at the time of foreclosure, and that the foreclosure was fraudulent. *Id.* Padayachi contends that it is unclear who owns the note and to whom he owes money if any money is due thereunder. *Id.*

These allegations do not explain how the acts in question amounted to fraud or when and where the allegedly fraudulent transactions took place. Padayachi provides only the dates that

4

the foregoing transactions were acknowledged, recorded or noticed, even though the relevant date for each transaction is the execution date. *See Wilson v. Pacific Coast Title Insurance Co.*, 106 Cal. App. 2d 599, 602 (1951) (holding a substitution of trustee valid even though it was not acknowledged until two years after the execution date). Without setting forth the appropriate dates, Padayachi cannot establish that the QLSC acted as a trustee without authority, or that OWB fraudulently appointed QLSC as the trustee. Further, even assuming that QLSC was not a validly appointed trustee, Padayachi has failed to allege that QLSC was *not* acting in the capacity as an agent for the actual trustee, mortgagee or beneficiary. *See* Cal. Civ. Code § 2924(a)(1) (West 2010) (providing that a notice of default may be recorded by the trustee, mortgagee, beneficiary, or any of their authorized agents).

**2. Wrongful Foreclosure Claim**

A foreclosure is not wrongful simply because the foreclosing party may not have had possession of the original promissory note. Under Cal. Civil Code § 2924 et seq., physical possession of the note is irrelevant. *See Putkkuri v. ReconTrust Co.*, No. 08-1919, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. Production of the original note is not required to proceed with a non-judicial foreclosure." (internal citation omitted)); *Pagtalunan v. Reunion Mortgage Inc.*, No. 09-162, 2009 WL 961995, at *2 (N.D. Cal. Apr. 8, 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust."). California Civil Code § 2924(a)(1) provides that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default. There is no requirement that any of the entities physically possess the note secured by the deed of trust or that any of them be a "person entitled to enforce" the note under the Uniform Commercial Code ("UCC") § 3301. Although Article 3 of the UCC governs negotiable instruments, it does not apply to nonjudicial foreclosure under deeds of trust. *See Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994) ("The comprehensive statutory framework established [by the California Civil Code] to govern nonjudicial foreclosure sales is intended to be exhaustive.").

Padayachi claims that payments were not due to OWB because OWB did not hold the note prior to February 1, 2010,[4] and that QLSC had no standing to serve the notice of default because it was not authorized to act as an agent for the beneficiary. However, as discussed above, the date that the assignment was recorded is irrelevant to establish the effective date, and Padayachi's conclusory allegation that QLSC had no standing is unsupported by any facts.

In addition, Padayachi has not satisfied the tender requirement. In order to challenge a foreclosure sale, a borrower in default first must tender in full the amount due. *See U.S. Cold Storage v. Great W. Sav. & Loan Ass'n.*, 165 Cal. App. 3d 1214, 1222-23 (1985). California courts have expanded the application of the pre-foreclosure tender rule to "any cause of action" that is based upon allegations of wrongful foreclosure or that seeks redress from foreclosure. *See id.* at 1225; *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996); *Arnold Mgmt. Corp. v. Eishen*, 158 Cal. App. 3d 575, 579 (1984). A plaintiff cannot acquire title to the property by setting aside the trustee's sale without first paying the amount borrowed against the property. Accordingly, absent an allegation of actual tender, the complaint does not state a valid claim for relief. Padayachi alleges that he was not in default because he did not owe money to OWB in particular, not because he was current on his payments.

**3. Intentional Misrepresentation Claim**

Intentional misrepresentation is a form of fraud and therefore must be alleged with specificity under Rule 9(b). Defendants argue correctly that when multiple defendants are named, the complaint must allege the fraudulent conduct of each defendant and may not lump all defendants together and allege that defendants generally participated in the fraud. *Swartz v. KPMG*, 476 F.3d 756, 764-65 (9th Cir. 2007). The pleader must "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Id.* at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989)). However, there is no requirement that "the complaint must identify false statements made by each and every defendant . . . [ because]

---

[4]The complaint states that the assignment of the deed of trust was acknowledged on February 1, 2010. SAC at 3. However, the complaint states elsewhere that the assignment was dated February 10, 2010. *Id.* at 2.

6
Case No. C 09-5545 JF (PVT)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX2)

[p]articipation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability, for each conspirator may be performing different tasks to bring about the desired result." *Id.* at 764-65 (citing *Beltz Travel Serv., Inc. v. Int'l Air Transp. Ass'n*, 620 F.2d 1360, 1367 (9th Cir.1980)).

Padayachi alleges that Defendants concealed the true nature of his credit score and placed his loan in the sub-prime category in order to charge higher commissions. SAC at 3. He alleges that the appraisal conducted by Indy inflated the value of his home for the same reason. *Id.* at 4. He also claims that his monthly income of $4,000 was inflated by Indy[5] to exceed the minimum income requirement of $11,500 for his loan and that his job title was adjusted from mechanic to import and export manager to match the higher salary. *Id.* Padayachi contends that the entire application consisted of misrepresentations and that the misrepresentations were the only reason he received the loan. *Id.* The remainder of this claim consists of a summary of various government investigations into Indy's business. *Id.* at 4-6.

Padayachi fails to state a claim upon which relief can be granted under heightened pleading standard of Rule 9(b). Moreover, even if the claim were sufficient as to Indy, it does not identify any false or misleading representations made by OWB.

**4. Damages Claim**

Padayachi's fourth claim for relief alleges damages resulting from fraud. The claim asserts that each of the defendants "intentionally and fraudulently converted plaintiff's right, title and interest to their property and equity therein." SAC at 7. Padayachi also alleges that this conduct was "intentional, oppressive fraudulent and malicious." *Id.* The remainder of the claim lists various damages that Padayachi asserts were a result of Defendants' actions. *Id.* at 6-7. Padayachi's allegations of fraudulent and intentional conduct are conclusory and unsupported by factual statements describing specific actions taken by each of the Defendants.

---

[5] Padayachi uses the term lender throughout this section of the complaint, but it is clear from the earlier sentences that he is referring to Indy.

**5. Quiet Title Claim**

As discussed in the Court's previous orders, a basic requirement of an action to quiet title is an allegation that plaintiffs " 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.' " *Santos v. Countrywide Home Loans*, 2009 WL 3756337 *4 (E.D. Cal. Nov. 6, 2009) (quoting *Kelley v. Mortgage Elec. Reg. Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Watson v. MTC Financial, Inc.,* 2009 WL 2151782 *4 (E.D. Cal. Jul. 17, 2009) (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934)).

Padayachi's claim for quiet title is defective because Padayachi does not allege an ability to tender repayment of the debt on the mortgage. In one sentence, he states simply that "because foreclosure was wrongful, [he] remains the rightful owner of the subject property." Nor is the complaint verified as required by Cal. C. Civ. P. § 761.020. *See Singh v. Wells Fargo Bank. N.A.*, 2009 WL 2365881 *6 (N.D. Cal. July 30, 2009).

**6. Leave to Amend**

Although the Court is required to accord great liberality to *pro se* litigants, that requirement is not without limits.[6] The Court noted in its previous order that Padayachi would have one final opportunity to amend his complaint. For whatever reason, Padayachi has not come close to stating a claim for relief, despite specific directions from the Court as to how he might do so. The operative second amended complaint lacks his signature. Finally, he has not filed opposition either to the instant motion or to the previous motions to dismiss. Because the Court concludes that there is not reasonable likelihood that Padayachi could state a claim for relief if further leave to amend were granted, the instant action will be dismissed with prejudice.

---

[6]"Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

# IV. ORDER

OWB's motion to dismiss will be GRANTED WITHOUT LEAVE TO AMEND. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: 10/28/2010

_____
JEREMY FOGEL
United States District Judge

Case No. C 09-5545 JF (PVT)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX2)

1  A copy of this order has been served upon the following persons:

2  Yasish Mogam Padayachi
   27204 Lemay Way
3  Hayward, CA 94544

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Case No. C 09-5545 JF (PVT)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX2)